IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, )
        Plaintiff, )
        vs. ) Criminal No. 10-19-2
LAMONT LAPRADE, )
        Defendant. )

AMBROSE, Senior District Judge

## MEMORANDUM ORDER OF COURT

Defendant has filed a Motion to Suppress (ECF No. 35) alleging that statements made by him after his arrest and while in custodial detention were not knowing, intelligent and/or voluntary because:

1) he was under the influence of narcotics at the time the statements were made;

2) his will was overborne by the promises of law enforcement officers that he would be prosecuted in state court and not federal court; and

3) his statements were the result of impermissible threats and inducements made to him by law enforcement officers.

At a hearing on the Motion, the Government offered the testimony of Pennsylvania State Police Trooper John Dixon and Special Agents Arnold Bernard and Patrick Howley.

Trooper Dixon testified that when Defendant was arrested, Defendant had no signs of drug intoxication. Defendant's speech was clear and he was coordinated. Defendant had no difficulty following questions and giving responsive answers. Trooper Dixon had given Defendant *Miranda* warnings which Defendant appeared to understand and effectively waive.

Special Agent Bernard testified that he also Mirandized Defendant and that Defendant displayed no signs of being under the influence of alcohol or drugs. Defendant's speech was not slurred; his motor skills were not impaired. Defendant did not smell of alcohol or marijuana.

Bernard also testified that no promises were made to Defendant with respect to the court in which Defendant would be prosecuted.

Bernard also testified that Defendant read and signed a "consent to search" for Defendant's cellphone. Defendant told Bernard that a search of his cellphone would help Defendant prove his innocence.

Special Agent Howley testified that he also Mirandized Defendant, who showed no signs of being under the influence of drugs or alcohol. Howley also made no promises to Defendant with respect to prosecution in federal or state court. Howley did tell Defendant that he would make Defendant's wish to be prosecuted in state court known to the prosecutors. During this interview, which was being recorded, Defendant learned that a bank teller had been shot. Defendant then requested that the recorder be turned off.

Defendant offered no evidence at the suppression hearing.

The evidence establishes that Defendant was able to give clear and lucid responses to questions asked. Defendant displayed no signs of drug or alcohol intoxication.

In addition, the evidence established that no promises were made to Defendant that he would be prosecuted in state court; only that the officers would make Defendant's preference known to prosecutors. No other promises were made to Defendant which would have rendered his statements involuntary, coerced and, therefore, inadmissible.

THEREFORE, the Motion to Suppress Statements (ECF No. 35) is denied.

BY THE COURT:

*Donetta W. Ambrose*
Donetta W. Ambrose
United States Senior District Judge

Dated: 12/8/11