# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) |
|---|---|
| -vs- | ) Criminal No. 10-19-2 |
| LAMONT LAPRADE EL, | ) |
| Defendant. | ) |

## OPINION AND ORDER

## SYNOPSIS

In this action, a jury convicted Defendant on January 6, 2012, of bank robbery, armed bank robbery, conspiracy to commit those crimes, and using, carrying, and possessing a firearm in furtherance of a crime of violence. Defendant has not yet been sentenced. Presently before the Court are Defendant's submissions, captioned "Post Convict Motion" and "Amended Post Conviction Appeal." Defendant asserts that his due process rights were violated because he wore prison attire; he also appears to take issue with several rulings made prior to or during trial. Defendant does not state the grounds for his submissions.[1] Although much of Defendant's paperwork is difficult to decipher, pro se habeas pleadings must be liberally construed. See Haines v. Kerner, 404 U.S. 519, 520, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972). Thus, as did the Government, I will make every effort to decipher and address Defendant's contentions.

---

[1] Further, Defendant appears to assert that his sentence violates double jeopardy. Defendant cannot challenge a sentence that has not yet been imposed.

1

**OPINION**

Defendant does not specify the procedural rule on which his Motions rest. I assume, due to the nature of the Motions, that they seek post-conviction relief pursuant to Fed. R. Crim. P. 29 and 33, and will consider them under standards applicable to those rules.

Defendant claims that he was prejudiced, and his due process rights violated, when he appeared at trial in prison attire. In a criminal prosecution, the state may not compel a defendant to wear prison attire at trial. Estelle v. Williams, 425 U.S. 501, 503, 96 S. Ct. 1691, 48 L. Ed. 2d 126 (1976). If the Defendant does not object to appearing at trial in prison garb, however, then there is no state compulsion. Jefferson v. Sherrer, No. 3-1414, 2005 U.S. Dist. LEXIS 25177 (D.N.J. Oct. 25, 2005). Here, Defendant does not suggest that his attire was compelled, or that he objected, at any time during trial, to his clothing. Accordingly, Defendant is not presently entitled to relief on that basis. Moreover, to the extent that Defendant seeks to relitigate issues previously raised by pre-trial motion, he has not explained the basis for his disagreement with rulings on those Motions, and I cannot assess his challenges. In any event, Defendant had a full and fair hearing thereon, and I will not review those claims. See Stewart v. Lawler, No. 11-2268, 2011 U.S. Dist. LEXIS 124161 (E.D. Pa. Sept. 7, 2011).

Defendant also appears to allege insufficient evidence that he participated in a conspiracy, because there was proof of duress and coercion. Such Motions are viewed under a "particularly deferential standard . . . because a reviewing court 'must be ever vigilant . . . not to usurp the role of the jury by weighing credibility and assigning weight to the evidence.'" United States v. Mercado, 610 F.3d 841, 845 (3d Cir. 2010). Only "when the record contains no evidence, regardless of how it is weighted, from which the jury could find guilt beyond a reasonable doubt" will a jury verdict be reversed for insufficient evidence. United States v.

Mussare, 405 F.3d 161, 166 (3d Cir. 2005). This is plainly not the case here, and the fact that there may have been some evidence of innocence is insufficient grounds for overturning the jury's decision.

Next, Defendant challenges this Court's exercise of jurisdiction over his person. In a federal criminal prosecution, personal jurisdiction is supplied by the fact that the defendant is within United States territory. The court has personal jurisdiction over a criminal defendant "when he appears before the court, whether voluntarily or involuntarily." Powell v. United States, No. 99-719, 2004 U.S. Dist. LEXIS 12964 (E.D. Pa. July 1, 2004). Defendant fails to proffer any authority that undermines this principle. Defendant further contends that the Government improperly used his cell phone as a tracking device. The Government disavows any such action, and I am unaware that any such tracking was either conducted or in any way made part of this trial. Defendant's wholly unsupported allegations do not constitute grounds for relief.

I cannot discern the grounds for the remaining issues purportedly raised -- indeed, several seem to be requests for information from the Government, rather than challenges to the trial, in order to explore suspected improprieties connected with these proceedings. "Although the court construes pro se pleadings liberally…it is not required to sift through incomprehensible allegations….'" United States v. Hulick, No. 6-5762, 2007 U.S. Dist. LEXIS 22815 (N.D. Ill. Mar. 28, 2007). Accordingly, I am unable to substantively address the remainder of Defendant's submissions.

Finally, I note that to the extent that Defendant's pleadings may be deemed filed pursuant to 28 U.S.C. § 2255, I will not consider them pursuant to that Section. "[E]ven if a petitioner has been convicted in federal court, before imposition of sentence a prisoner may not file a § 2255

3

petition attacking that federal conviction." Rosado v. Levi, No. 6-5749, 2007 U.S. Dist. LEXIS 35689 (E.D. Pa. May 15, 2007). Nonetheless, a habeas petition is the proper vehicle for challenging the constitutionality of Defendant's conviction and sentence. Accordingly, Defendant may raise his contentions in an appropriate Section 2255 Motion following his sentence.

I take this opportunity, therefore, to provide Defendant with notice similar to that required by United States v. Miller, 197 F.3d 644 (3d Cir. 1999). Defendant is apprised that, should he decide to file a petition pursuant to 28 U.S.C. § 2255 after he is sentenced, he must assert all his claims in a single petition when so doing. Absent certification from the court of appeals, he will be barred from filing second or successive Section 2255 petitions.

## CONCLUSION

In sum, Defendant has not demonstrated that the interests of justice require a new trial, and thus he has not met the Rule 33 standard. Moreover, he has not proffered grounds for acquittal, despite the jury verdict, pursuant to Rule 29. An appropriate Order follows.

## ORDER

AND NOW, this 7th day of May, 2012, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Post-Convict Motion [171] and Amended Post-Conviction Appeal [173] are DENIED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose
Senior Judge, United States District Court